## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. CRONIN, individually and on behalf of those similarly situated, | |
| Plaintiff, | Case. No. 08-cv-1523-MAM |
| v. | |
| CITIFINANCIAL SERVICES, INC. and WASHINGTON MUTUAL BANK, N.A. | CIVIL ACTION |
| Defendants. | |

## ORDER

AND NOW, this ___ day of _____, 2009, upon consideration of Defendant CitiFinancial Services, Inc.'s Motion to Confirm Arbitration Award and Plaintiff's Opposition thereto and his Cross-Motion to Vacate Arbitration Award and any response thereto, it is hereby

ORDERED that the Defendant's Motion to Confirm Arbitration Award on Defendant's breach of contract claim is DENIED and it is further

ORDERED that the Plaintiff's Cross-Motion to Vacate Arbitration Award denying his Fair Credit Reporting Act claim against the Defendant is GRANTED.

BY THE COURT:

_____
Mary A. McLaughlin
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK A. CRONIN,
individually and on behalf of those
similarly situated,

        Plaintiff,

v.

CITIFINANCIAL SERVICES, INC.
and WASHINGTON MUTUAL
BANK, N.A.

        Defendants.

Case. No. 08-cv-1523-MAM

CIVIL ACTION

### PLAINTIFF'S OPPOSITION TO DEFENDANT CITIFINANCIAL SERVICES, INC.'S MOTION TO CONFIRM ARBITRATION AWARD AND CROSS-MOTION TO VACATE ARBITRATION AWARD PURSUANT TO SECTION 10, TITLE 9 OF THE UNITED STATES CODE

Plaintiff Mark A. Cronin hereby responds to Defendant CitiFinancial Services, Inc.'s Motion to Confirm Arbitration Award and, additionally, moves this Honorable Court pursuant to section 10 of title 9, United States Code to vacate the award made by the Arbitrator in the arbitration involving Defendant CitiFinancial Services, Inc. ("Defendant CitiFinancial") previously compelled by this Court in the above-captioned civil action. In response to Defendant's motion, Plaintiff avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. By way of further answer, Plaintiff had sought a participatory hearing as mandated by the Arbitration Agreement but was opposed twice by Defendant CitiFinancial; however, the National Arbitration Forum ("NAF") in, contravention of its own Code of Procedure, denied Plaintiff his right to a live hearing before the Arbitrator.

5. Admitted. By way of further answer, Plaintiff never had any input in the choice of Arbitrator and was denied a participatory hearing by the NAF and the Arbitrator. Plaintiff does agree with the amount for the balance owed to Defendant CitiFinancial (indeed, his Fair Credit Reporting Act ("FCRA") claim is premised on the fact that CitiFinancial was reporting a much higher balance than the $7,695.67 awarded -- $11,847.00 – to the credit reporting agencies). However, Plaintiff disagrees with the $1,973.00 portion of the Arbitrator's award involving attorney's fees since the Arbitration Agreement itself explicitly excluded counsel fees for arbitration but Defendant CitiFinancial received them nonetheless.

6. Admitted that the $9,668.67 award constitutes a state law breach of contract claim that would not be under this Honorable Court's diversity or federal question jurisdiction.

7. Admitted that 9 U.S.C. § 9 is quoted correctly in paragraph 6 of Defendant CitiFinancial's motion. It is denied that the statute grants this Honorable

Court jurisdiction to confirm the monetary award. By way of further answer, Defendant's motion can only be applicable to the Plaintiff's FCRA claim which this Honorable Court had jurisdiction to compel arbitration and which, in fact, it did per its July 24, 2008 Order. Still, this Honorable Court's subject matter jurisdiction is lacking on the Defendant CitiFinancial's state-based counterclaim which it raised in the NAF arbitration but never plead with this Honorable Court through an Answer or Counterclaim under the Federal Rules of Civil Procedure.

8.      Admitted that the Arbitration Agreement reads as stated. Denied that this Honorable Court has jurisdiction over the Defendant CitiFinancial's counterclaim. See Vanden v. Discover Bank, No. 07-773, Slip. Op. at 15 (U.S. Sup. Ct. Mar. 9, 2009) (Federal jurisdiction cannot be invoked under state based law claims through 9 U.S.C. § 4). A copy of the Slip Opinion is attached hereto as Exhibit A and incorporated herein by reference.

9.      Denied. Plaintiff incorporates by reference his cross-motion below.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court deny Defendant CitiFinancial's Motion to Confirm Arbitration Award.

## PLAINTIFF'S CROSS-MOTION TO VACATE ARBITRATION AWARD

Plaintiff hereby moves pursuant to vacate the arbitration award as it pertains to the FCRA claim and in support thereof avers as follows:

10. Plaintiff incorporates by reference all Defendant CitiFinancial's Exhibits to its Motion to Confirm Arbitration Award.

11. Plaintiff was denied a participatory hearing by the NAF on two (2) occasions and Defendant CitiFinancial opposed Defendant's two (2) requests for a participatory hearing in Chester County, PA as required under the Arbitration Agreement.

12. The NAF arbitration system is unfair for the reasons stated in June 5, 2008 BusinessWeek cover story entitled "Banks vs. Consumers: Guess Who Wins?" and an ABA Journal article entitled "They Dun Them Wrong" (July 2008). (Exhibits "B" and "C", respectively).

13. The NAF was biased in favor of Defendant CitiFinanical in the instant arbitration who is a repeat customer for consumer arbitrations and, as was true in Plaintiff's arbitration, disfavors participatory hearings.

14. Plaintiff's FCRA claim was not given due consideration by the Arbitrator, and the legal reasons for rejecting the claim were not given by the Arbitrator. Plaintiff respectfully requests that this Honorable Court revisit the neutrality of the Arbitrator, pp. 12-14 of the July 24, 2008 Memorandum Opinion, in light of the instant arbitration.

15. Plaintiff also requests that this Honorable Court reconsider its July 24, 2008 Order in light of a recent ruling by the United States Court of

Appeals for the Third Circuit, <u>Homa v. American Express Co.</u>, No, 07-2921, Slip Op (3rd Cir. Feb. 24, 2009) (addressing the applicability of state law with unconscionability of an arbitration agreement).

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court vacate the Arbitrator award as to his Fair Credit Reporting Act claim.

Respectfully submitted,

Dated: 3-19-09

Mark A. Cronin
128 Hillside Avenue
Wayne, PA 19087
(610) 585-1702

Plaintiff