```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARK A. CRONIN,               :    CIVIL ACTION
individually and on behalf    :
of those similarly situated   :
                              :
          v.                  :
                              :
CITIFINANCIAL SERVICES, INC., :
et al.                        :    NO. 08-1523
```

                         MEMORANDUM
McLaughlin, J.                                    April 15, 2009

        The defendant, CitiFinancial Services, Inc., has moved for the confirmation of an arbitration award of $9,668.67, representing the amount sought in the defendant's counterclaim for breach of contract as well as attorneys' fees.  The plaintiff, Mark A. Cronin, opposes the confirmation of this award and requests that the award be vacated.  The Court will grant the defendant's motion to confirm the arbitrator's award.

        The plaintiff filed his complaint against Citifinancial Services, Inc. and Washington Mutual Bank on March 27, 2008.  The plaintiff had taken out a loan from Citifinancial in the amount of $6,999.91 to be paid off in 60 monthly payments with an annual interest rate of 22.99%.  Compl., ¶ 7; Def.'s Rep., Ex. D.  The plaintiff's complaint charged Citifinancial with violating the Fair Credit Reporting Act by reporting to third party credit institutions a loan amount greater than $6,999.91.  Cronin alleged that Citifinancial accelerated the payment of interest on

the loan and reported to credit agencies that Cronin owed over $11,873. Compl., ¶ 8.[1]

On May 19, 2008, the defendant Citifinancial moved to compel arbitration of this case pursuant to the parties arbitration agreement. Def.'s Rep, Ex. A. The plaintiff opposed this motion on three grounds. First, he argued that his Fair Credit Reporting Act claim was not related to his loan and therefore did not fall under the provisions of the parties' arbitration agreement. Second, he argued that the FCRA overrides the Federal Arbitration Act's waiver of resort to the Courts, rendering the parties' arbitration agreement unenforceable with respect to claims arising under the FCRA. Third, he argued that the arbitration agreement was unconscionable on the grounds that it was a contract of adhesion lacking mutuality of obligation, that arbitration might have placed unconscionable costs on the plaintiff, and that the arbitral forums were not neutral. Pl.'s Opp'n to Motion to Compel Arbitration (Docket No. 9). The plaintiff's opposition also requested discovery into the neutrality of the arbitrators and raised his concerns over the Nation Arbitration Forum's and American Arbitration Association's ties to the defendant and the financial services industry.

---

[1] The complaint also included a request to certify the case as a class action and two counts against Washington Mutual. Washington Mutual was dismissed from the case in June of 2008 pursuant to a stipulation by the parties.

In a memorandum and order of July 24, 2008, the Court granted the defendant's motion to enforce the parties' arbitration agreement, holding that the dispute fell under the terms of the arbitration agreement and that the agreement was valid and enforceable.  The Court rejected the plaintiff's arguments that the subject matter of the arbitration did not fall within the scope of the parties' arbitration agreement and that the FCRA overrides any relevant provisions of the FAA.  The Court also rejected the plaintiff's argument that the arbitration contract was unconscionable.  With respect to the plaintiff's argument regarding arbitral neutrality, the Court noted that the "plaintiff . . . provided no . . . evidence of procedural or substantive unconscionability, and no evidence that AAA or NAF are biased other than his own speculation." <u>Cronin v. Citifinancial Serv., Inc.</u>, No. 08-1523, 2008 WL 2944869, *6 (E.D. Pa. Jul. 25, 2008).  The Court refused to invalidate the arbitration agreement based on the plaintiff's speculation that the arbitration organizations at issue might be biased against him.

The parties proceeded to arbitration, at which CitiFinancial prevailed in its defense of the plaintiff's claim as well as on its own counterclaim for the underlying sum of the loan plus accrued interest and attorneys' fees.  The defendant is now moving to confirm their arbitration award.

The plaintiff opposes the confirmation of the award on several grounds.  First, he argues that he was denied a hearing before the arbitration panel in violation of both the parties' arbitration agreement and the Nation Arbitration Forum's code of procedure.  Second, he argues that the arbitrator's award of attorneys' fees was without a basis in the parties' arbitration agreement.  Third, he argues that this Court is without jurisdiction to confirm the award granted on the defendant's counterclaim because it is a state-based contract claim.

The plaintiff's brief in opposition to the motion to confirm the award also includes a cross-motion to vacate the arbitration award.  He repeats his claims concerning the lack of a hearing and again asserts that the NAF is a biased institution, citing two periodicals for support.  Finally, the plaintiff requests that the Court reconsider its decision regarding the neutrality of the NAF in light of a recent opinion of the United States Court of Appeals for the Third Circuit, Homa v. American Express Co., 558 F.3d 225 (3d Cir. 2009).

Each of the bases of the plaintiff's opposition to confirmation and of his cross-motion is without merit.  Although the plaintiff states that he was denied a participatory hearing before the NAF, the defendant states, and the record affirms, that the plaintiff failed to make a timely request for a participatory hearing.  The record included with the defendant's

4

reply brief lists the dates on which certain events occurred during the arbitration.  The plaintiff did request a participatory hearing, but this request fell after the deadline specified in the NAF's code of procedures (Rule 26(A)), which was 15 days from the filing of a response by the defendant.  Def.'s Rep., Ex. B at 35; Ex. E.

The award of attorneys' fees was appropriate under the terms of its loan contract with the plaintiff.  The Note and Security Agreement between the parties states that attorneys' fees expended in the recovery of payment may be awarded in the event of the borrower's default.  Def.'s Rep., Ex. D.  This contract provision creates a basis for the award of attorneys fees in an arbitration proceeding for the recovery of the loan amount.

The plaintiff's argument regarding the jurisdiction of this Court over the defendant's state-law counterclaims is similarly misplaced.  The counterclaims, which were not asserted in a filing before the Court because the defendant's motion to compel arbitration precluded the need to file an answer, fall under this Court's supplemental jurisdiction as they are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.

The plaintiff cites <u>Vanden v. Discovery Bank</u>, No. 07-733 (U.S. Sup. Ct. Mar. 9, 2009) as support for his claim that this Court lacks jurisdiction over the defendant's state-law counterclaim. <u>Vanden</u> presented a situation that was the opposite of the situation in this case. In <u>Vanden</u>, the Supreme Court held that a federal court lacked jurisdiction over a case involving a complaint based solely on state law and a counterclaim based on federal law.[2] In such a situation, the case did not arise under a federal law according to the well-pleaded complaint rule, which focuses the jurisdictional inquiry on the plaintiff's complaint. In this case, the plaintiff's complaint brings a claim under the Federal Fair Credit Reporting Act, to which the defendant's counterclaim is related. <u>Vanden</u> does not suggest that this Court is without jurisdiction to confirm the arbitrator's award on the defendant's counterclaim.

The plaintiff's cross-motion to vacate the arbitration award repeats the plaintiff's arguments regarding his lack of a participatory hearing, discussed above, and repeats his claims as to the bias of the NAF. The plaintiff cites two periodicals in support of his claim of bias. Pl.'s Opp'n, ¶ 12. He also cites to a recent opinion of the United States Court of Appeals for the

---

[2] In <u>Vanden</u>, the counterclaim was actually based on state law as well, but was held to be completely preempted by federal law, which rendered the counterclaim a federal question. No. 07-733, Slip Op. at 2 (U.S. Sup. Ct. Mar. 9, 2009).

Third Circuit, <u>Homa v. American Express Co.</u>, 558 F.3d 225 (3d Cir. 2009), which involved the application of a state's law of unsconscionability to an arbitration agreement.  <u>Homa</u> stated that New Jersey state law would hold that a waiver of class-arbitrations under an arbitration agreement was unconscionable.  <u>Id.</u>  In this case, however, the plaintiff does not discuss the applicability of any Pennsylvania law beyond that already considered in the original motion to compel arbitration and considered in this Court's memorandum and order enforcing the arbitration agreement.

The defendant has presented the Court with an arbitration award to which the plaintiff has offered no valid defense or grounds for vacating that award.  The Court will grant the defendant's motion to confirm the arbitrator's award.

An appropriate order will issue separately.